IN THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BYONCA LOGAN, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| | ) Civil Action No: |
| v. | ) |
| | ) |
| THE CITY OF MOBILE, | ) Jury Trial Demanded |
| ALABAMA; | ) |
| MICHAEL ISRAEL, | ) |
| | ) |
|   Defendants. | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff brings this action for appropriate monetary relief for the violation of her rights by the above defendants. As grounds for relief:

### JURISDICTION

1. The Court has jurisdiction over this matter because it concerns a controversy arising under state and federal law and the United States Constitution, the Alabama Constitution of 1901, and the Alabama Code[1]. This is a civil rights action brought under 42 U.S.C. §§ 1983 and 1988, as well as supplemental jurisdiction under 28 U.S.C. § 1367.

### PARTIES TO THE COMPLAINT

2. The Plaintiff, Byonca Logan, is an individual adult resident of Mobile

---

1 AL Code § 11-47-192

County, Alabama and is also over 19 years of age..

3. The City of Mobile is a municipal corporation located within Mobile County, Alabama.

4. Defendant Michael Israel was a police officer for the City of Mobile at all relevant times and is over 19 years of age and is a resident of the State of Alabama. He was acting for the City when the actions complained of were taken.

## FACTS

5. On or about November 27, 2021, Logan was present at a cigar lounge in or near downtown Mobile with other female friends, acquaintances, as well as strangers.

6. At some point, a group of females began to accost Logan and her friends.

7. The incident had ended once they were all outside the establishment.

8. Once Logan was outside, she noticed that City of Mobile police officers were present including one she recognized, Defendant Israel.

9. Logan recognized Israel from her job at a local urgent care facility because Israel was periodically assigned to conduct traffic and would often come in and speak to the staff..

10. While Israel was at Logan's job (before the incident in question), he

often made flirtatious advances toward her including requesting her phone number.

11. Logan rejected these advances as she was not attracted to Israael and was in a committed relationship.

12. Logan did have to call Israel one day from her phone concerning a police matter at work so he obtained her phone number that way.

13. After doing so, he began to text her messages saying thing such as "Good morning, beautiful."

14. Logan never responded to these messages as she did not want Israel to get the wrong impression.

15. Israel eventually became offended by the rejection and caused a scene at Logan's workplace.

16. The next time, after he caused the scene at her workplace, Logan saw him was on the night of the incident.

17. When Logan saw Israel on the night of the incident, she turned away in hopes that he would not see her because she remembered what he had done the last time she saw him.

18. Israel did see her and approached her.

19. He then (strangely) claimed that Logan had hit him (which she had not and he knew it).

20. He took Logan's arm and twisted it behind her back until he broke it.

21. He placed her in handcuffs and put her in the backseat of a patrol car.

22. Another officer eventually came over and released Logan from the vehicle and took the handcuffs off.

23. Logan was never charged with assaulting an officer nor any other offense.

24. She went to her medical provider and was diagnosed with a fractured humerus bone in her right arm.

25. Logan had to have surgery which left several staples in her arm which will leave scars that, in all probabilility, will be permanent.

26. Logan never resisted Israel in any way.

27. Logan never hit Israel.

28. Logan never punched Israel.

29. Logan never slapped Israel.

30. Logan never exhibited any aggression toward Israel or any other officer on the night in question.

## CAUSES OF ACTION

**COUNT I: VIOLATION OF THE FOURTH AMENDMENT RIGHTS OF PLAINTIFF BY DEFENDANT MICHAEL ISRAEL**
**[EXCESSIVE FORCE]**

31. Plaintiff incorporates the factual allegations contained herein.

32. Plaintiff has suffered a seizure by the actions of Israel who used excessive force against her in violation of her constitutional rights under the Fourth Amendment, with such having been done under color of state law in violation of 42 U.S.C. § 1983.

33. Plaintiff suffered damage due to the intentional and unconstitutional actions of this defendant.

**PLAINTIFF'S CLAIM AGAINST OFFICER ISRAEL INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE FOURTH AMENDMENT**

34. Plaintiff alleges the above facts the same as if set out herein.
35. Plaintiff alleges that the force as heretofore described that was used upon him was excessive.
36. Plaintiff did not pose a threat to any officer or citizen.
37. Plaintiff was simply walking in public which she had a right to do.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the

excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above she suffered humiliation and shame and mental distress.

## VIII. PLAINTIFF'S CLAIM CITY OF MOBILE FOR EXCESSIVE FORCE AND FALSE ARREST UNDER SECTION 1983 VIOLATION OF THE FOURTH AMENDMENT AND THE ALABAMA CODE

38. Plaintiff alleges the above facts the same as if set out herein.
39. Plaintiff alleges that the force as heretofore described that was used upon her was excessive.
40. Plaintiff was not a threat to any officer or citizen.
41. Plaintiff was simply walking in public which she had a right to do.
42. The City's officer acted in an unreasonable and unskillful manner.
43. The City's officer caused physical injuries and pain to the Plaintiff.
44. The City ratified the officer's actions through inaction.
45. The City has a pattern and practice of allowing its officers to make stops without probable cause and use unreasonable force upon detention.
46. The City has a pattern and practice of allowing its officers to use unreasonable force against a compliant citizen.

WHEREFORE, plaintiff demands judgment for compensatory damages under Section 1983 and the Alabama Code in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above she suffered humiliation and shame and mental distress.

### IX. PLAINTIFF'S CLAIM AGAINST OFFICER ISRAEL INDIVIDUALLY FOR FALSE ARREST UNDER SECTION 1983 VIOLATION OF THE FOURTH AMENDMENT

47. Plaintiff alleges the above facts the same as if set out herein.

48. Plaintiff alleges that her arrest/detention was made without probable cause or even arguable probable cause as she had committed no offense nor any action which could have been reasonably construed as an offense and this was known by Officer Israel.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for the false arrest of the Plaintiff by the officer as heretofore described above. Plaintiff alleges that because of the above she suffered humiliation and shame and mental distress.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully prays that the Court will take jurisdiction of this cause and upon the final hearing grant her request for the following relief: Following a trial on the merits herein, grant Plaintiff appropriate actual and punitive damages for the violations of her rights complained of herein, for mental anguish and emotional harm,the costs of this action, including reasonable attorneys' fees; any other relief to which Plaintiff may be entitled.

**TRIAL BY JURY IS DEMANDED ON ALL APPLICABLE CLAIMS**

Respectfully submitted,


/s/   Terrrell E. McCants
Burrell & McCants, LLC
712 32nd Street South
Birmingham, AL 35233
205-771-4999

/s/   Carthenia W. Jefferson
Jefferson Law Firm, LLC
2107 5th Avenue North
Suite 300
Birmingham, AL 35203
205-324-1505